**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**MONIQUE DOSS, et al.**                                                **PLAINTIFFS**

**V.**                                               **CIVIL ACTION NO. 4:10-CV-17-SA-DAS**

**NPC INTERNATIONAL, INC., et al.**                                 **DEFENDANTS**

## MEMORANDUM OPINION

Before the Court is Plaintiffs' Motion to Remand [6]. For the reasons stated below, the motion is denied.

## I. BACKGROUND

On January 18, 2009, Plaintiffs patronized a Pizza Hut restaurant in Greenwood, Mississippi. Plaintiffs allege that they suffered food poisoning and other gastric disorders as a result of Defendants' negligent preparation and storage of food items. All Plaintiffs are citizens of Mississippi. Defendant NPC International, Inc. (NPC) is a Kansas corporation, with its principal place of business in Pittsburgh, Kansas. Defendant Shane Brown, the restaurant's manager, is a citizen of Mississippi.

Plaintiffs filed the present case in the Circuit Court of Leflore County, Mississippi, on January 22, 2010, and served Defendants with process on February 1-2, 2010.[1] Defendants removed

---

[1] This was the fifth complaint filed in the Circuit Court of Leflore County, Mississippi, stemming from the events described above. The first complaint was filed by Monique Doss and Nadia Harris on April 1, 2009. They named NPC; A & D Management Co., LLC; and Shane Brown as defendants. They did not request a specific amount of damages, but they did request compensatory and punitive damages. See Doss v. NPC Int'l, Inc., No. 4:09-cv-00038-MPM-DAS (N.D. Miss. Apr. 16, 2009). The second complaint was filed by Doss, Harris, and several other plaintiffs on July 16, 2009. The plaintiffs in the second case named NPC as the sole defendant and specifically requested damages in an amount no greater than $75,000.00 per named plaintiff. See Doss v. NPC, Int'l, Inc., No. 4:09-cv-00076 (N.D. Miss. July 28, 2009). The third case was filed by Kimeyatter Pointer on October 5, 2009. Pointer named NPC as the

the case on February 26, 2010, and Plaintiffs filed their Motion to Remand on March 4, 2010. Defendants responded to the Motion to Remand on March 8, 2010, and Plaintiffs did not file a rebuttal brief. Therefore, the Motion to Remand is ripe for adjudication.

## II. DISCUSSION

Federal courts are courts of limited jurisdiction. Massarella v. The Lane Co., Inc., 298 F. Supp. 2d 430, 432 (N.D. Miss. 2003). The Judiciary Act of 1789 provides that "any civil action brought in a State court of which the districts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Original federal diversity jurisdiction exists "where the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a); Addo v. Globe Life and Accident Ins. Co., 230 F.3d 759, 761 (5th Cir. 2000). The party removing the case and invoking the jurisdiction of the court has the burden of establishing federal jurisdiction. Massarella, 298 F. Supp. 2d at 432.

After removal, a plaintiff may move for remand, and "[i]f it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Once a motion

---

sole defendant and specifically requested damages in an amount no greater than $75,000.00. See Pointer v. NPC Int'l, Inc., No. 4:10-cv-00002 (N.D. Miss. Jan. 8, 2010). Finally, the fourth case was filed by a large number of plaintiffs, including Doss, Harris, and others previoiusly named in the preceding complaints, on October 5, 2009. The fourth complaint only named NPC as a defendant, and the plaintiffs specifically requested damages in an amount no greater than $75,000.00 per named plaintiff. See Doss v. NPC Int'l, Inc., No. 4:10-cv-00003 (N.D. Miss. Jan. 8, 2010). Plaintiffs filed a motion to remand in each of the other four cases, and the Court denied each of them. See Doss, No. 4:09-cv-00038 (N.D. Miss. Jan. 27, 2010); Doss, No. 4:09-cv-00076 (N.D. Miss. Sept. 22, 2009); Pointer, No. 4:10-cv-00002 (N.D. Miss. Mar. 19, 2010); Doss, No. 4:10-cv-00003 (N.D. Miss. Mar. 19, 2010).

2

to remand is filed, the burden falls on the party seeking to maintain this court's removal jurisdiction to show that the requirements for removal have been met. De Aguilar v. Boeing Co., 47 F.3d 1404, 1408 (5th Cir. 1995), *certiorari denied* 516 U.S. 865, 116 S. Ct. 180, 133 L. Ed. 2d 119. The Court must construe the removal statutes "strictly against removal and for remand." Eastus v. Blue Bell Creameries, L.P., 97 F.3d 100, 106 (5th Cir. 1996); Massarella, 298 F. Supp. 2d at 432 ("Courts resolve removal doubts in favor of remand.") (citing Boston v. Titan Indem. Co., 34 F. Supp. 2d 419, 423 (N.D. Miss. 1999)).

## A. *Diversity of Citizenship*

Plaintiffs first argue that complete diversity does not exist among the parties, as Defendant Shane Brown is a resident of Mississippi. Defendants argue that Brown has been improperly joined in an effort to defeat the Court's diversity jurisdiction.

For this Court to have subject matter jurisdiction of this matter based on Section 1332, complete diversity must exist among the parties. 28 U.S.C. § 1332(a); Harvey v. Grey Wolf Drilling Co., 542 F.3d 1077, 1079 (5th Cir. 2008) (citing Strawbridge v. Curtis, 7 U.S. (3 Cranch) 267, 2 L.Ed. 435 (1806)). Additionally, "suits that arise under diversity jurisdiction are removable 'only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought.'" Menendez v. Wal-Mart Stores, Inc., 2010 U.S. App. LEXIS 2139, *17 (5th Cir. Feb. 1, 2010) (quoting 28 U.S.C. § 1441(b)).

A removing defendant may establish improper joinder by showing either "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004) (en banc) (citation omitted). Defendants argue that Plaintiffs can not establish a

3

cause of action against Brown. The Court's task, therefore, is to determine whether Defendants have "demonstrated that there is no possibility of recovery by [Plaintiffs] against [Brown]." Id. "[T]here must be a *reasonable* possibility of recovery, not merely a *theoretical* one." Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007) (quotation marks and citation omitted). Defendants' burden in proving improper joinder is a heavy one. Kling Realty Co. v. Chevron United States, Inc., 575 F.3d 510, 514 (5th Cir. 2009).

When analyzing whether a plaintiff has shown a reasonable possibility of recovery, the Court looks initially to the allegations of the complaint, conducting a "Rule 12(b)(6)-type analysis." Menendez, 2010 U.S. App. LEXIS 2139 at *17-*18 (citing Smallwood, 385 F.3d at 573). However, the Court may "pierce the pleadings and conduct a summary inquiry," but "[i]n doing so . . . the Court 'must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff.'" Id. at *18 (quoting Travis v. Irby, 326 F.3d 644, 649 (5th Cir. 2003)). Ambiguities in state law and factual disputes must be resolved in favor of Plaintiffs. Id.

Plaintiffs' Complaint does not contain any allegations specifically directed at Brown. Plaintiffs first allege that "Defendants negligently failed to use reasonable care in the preparing, maintaining, shipping, packaging and/or storing the food, and more specifically for the condition which caused the injuries herein complained of." Plaintiffs further allege that "Defendants are liable for negligently failing to train Defendants' employees in how to properly prepare, maintain, and/or store the food." Finally, Plaintiffs allege that "Defendants are liable for negligently failing to hire employees who could properly prepare, maintain, and/or store food."

Defendants have presented undisputed evidence that Brown was not on duty the day that

4

Plaintiffs were injured, as it was his usual day off.[2] He did not prepare or serve the food they ate or supervise its preparation or service. He was not even aware that these events were taking place. As such, Defendants have argued that he can not be liable for Plaintiffs' injuries. Plaintiffs contend that Brown may be liable for the injuries despite his absence, either by *respondeat superior* or by his inadequate management of the restaurant. The question before the Court, therefore, is whether a plaintiff may have a reasonable basis for recovery against a restaurant's manager for 1) the negligent actions of those subordinate to him when he did not participate in, authorize, supervise, or even have knowledge of those actions; or 2) inadequate management of the restaurant. To answer these questions, the Court must examine improper joinder analyses in analogous situations.

In Gray v. Beverly Enterprises-Mississippi, Incorporated, 390 F.3d 400, 402 (5th Cir. 2004), several Mississippi plaintiffs alleged that residents of a nursing home were injured as a result of conduct by the out-of-state corporate owners of a nursing home and the in-state administrators of

---

[2]Defendants filed an affidavit from Brown in response to a motion to remand in one of the other cases stemming from this incident. Doss, No. 4:09-cv-00038 (N.D. Miss. May 7, 2009) (exhibit "B" to motion to remand). The Court takes judicial notice of it. FED. R. EVID. 201(b).
Plaintiffs filed their own affidavit in response to Defendants' motion to dismiss - from Jessica Dixon, the assistant manager on duty the day of the events in question. Doss, No. 4:09-cv-00038 (N.D. Miss. Apr. 5, 2010) (exhibit to response to motion to dismiss). However, the Dixon affidavit does not dispute that Brown was not on duty at the time of the incident, that he did not prepare or serve the food in question, and that he did not supervise or otherwise control the preparation or service of the food in question. Id. Dixon's affidavit only includes two allegations specific to Brown: that Brown did not properly train the other employees and that he himself was not properly trained. Id. However, these allegations are of no consequence, as Plaintiffs "cannot simply rely upon conclusory or generic allegations to survive a properly supported claim of [improper] joinder." Jabour v. Life Ins. Co. of N. Am., 362 F. Supp. 2d 736, 740 (S.D. Miss. 2005) (citing Badon v. RJR Nabisco, Inc., 224 F.3d 382, 392-93 (5th Cir. 2000)).

5

the nursing home.[3] The plaintiffs' allegations against the in-state defendants fell into two categories: 1) negligence in the daily, hands-on care of the plaintiffs; and 2) negligence in the typical functions of a manager or, phrased differently, inadequate management. Id. at 408.

The Fifth Circuit Court of Appeals addressed the inadequate management claim first. It noted that the plaintiffs could point to no authority establishing that the administrator of a nursing home owes a duty of care to the residents of the nursing home. Id. at 409. Likewise, the defendants could not point to any authority establishing that the administrator of a nursing home does *not* owe a duty of care to the residents. Id. The Court concluded, "Although ambiguous questions of law must be resolved in favor of the plaintiffs, they, in the absence of *any* authority, cannot reasonably expect to recover under state law." Therefore, the inadequate management allegations were "insufficient to defeat complete diversity." Id.

The Court then examined the allegations of negligence in the daily care of the plaintiffs. The defendants argued that no liability accrued to the administrators without evidence of participation in the injuries alleged. Id. However, the plaintiffs argued that the administrators could be liable for their subordinates' actions even without evidence of the administrators' "hands-on" care or participation in the medical injuries. Id. Therefore, the issue was how wide the scope of

---

[3]Mississippi law defines a nursing home administrator as:

[A]ny individual who is charged with the general administration of a nursing home, whether or not such individual has an ownership interest in such home and whether or not the functions and duties are shared with one or more individuals. 'General administration of a nursing home' shall mean the duties of administrative performance and the making of day-to-day decisions involved in the planning, organizing, directing and/or controlling of a nursing home."

MISS. CODE ANN. § 73-17-5(a).

participation must be in order for a nursing home administrator to be liable for the actions of his subordinates. The plaintiffs argued that the administrators could be liable for torts "where they either participated in the act, authorized it or directed it, gave consent to an act, or even acquiesced in a tortious act that they knew of or should have known of in the exercise of reasonable care." Id. at 409-10 (punctuation omitted). The Court ultimately ruled in favor of the plaintiffs, holding that they had the better side of the argument under the uncertain Mississippi law. Id. at 410.

The Mississippi Supreme Court has since given a definitive answer as to whether a nursing home administrator owes a duty of care to the nursing home's residents. In Howard v. Estate of Harper, 947 So. 2d 854, 856-57 (Miss. 2006), a group of plaintiffs alleged that the administrator of a nursing home was negligent by "failing to hire an adequate number of personnel, to supervise and train the personnel, . . . [and to] prepare and maintain adequate records, among other allegations." Plaintiffs argued that the administrator owed a "common-law duty of care" and a "statutory duty of care" to the residents. Id. at 857. The Mississippi Supreme Court disagreed, holding that "no common law duty is owed by a nursing home's . . . administrator to that nursing home's patients." Id. at 862. The Court further held that a nursing home's administrators owed no statutory duty of care to a nursing home's residents. Id.

In Turner v. Wilson, 620 So. 2d 545, 546 (Miss. 1993), the Mississippi Supreme Court addressed the question of "whether corporate directors are personally liable when the corporate manager of an agricultural grain warehouse wrongfully converts . . . farmers' grain and applies the proceeds to the debts of the insolvent corporation." The Court observed that "Mississippi follows the general rule that individual liability of corporate officers or directors may not be predicated on their connection to the corporation but must have as their foundation individual wrongdoing." Id.

7

at 548. The Court further stated that "when a corporate officer directly participates in or authorizes the commission of a tort, even on behalf of the corporation, he may be held personally liable." Id. (quoting Miss. Printing Co., Inc. v. Maris, West & Baker, Inc., 492 So. 2d 977, 978 (Miss. 1986)); see also Wilson v. South Cent. Miss. Farmers, Inc., 494 So. 2d 358, 361 (Miss. 1986) ("Any officer or agent of a corporation who actively participates in the commission of a tort is personally liable to third persons injured thereby."); Mozingo v. Correct Mfg. Corp., 752 F.2d 168, 174 (5th Cir. 1985) ("The thrust of the general rule is that the officer to be held personally liable must have some direct, personal participation in the tort, as where the defendant was the guiding spirit behind the wrongful conduct or the central figure in the challenged corporate activity.").

Finally, in Smith v. Petsmart, Inc., 278 Fed. Appx. 377, 378 (5th Cir. 2008), a couple sued an out-of-state corporation and a resident manager for a slip-and-fall in a retail store. Id. at 378. Unlike the present case, the resident defendant in Smith was the only manager on duty at the time of injury. Id. at 381. The district court denied the plaintiffs' motion to remand and dismissed the manager from the case for improper joinder. Id. at 379. On appeal, the Fifth Circuit Court of Appeals cited the following general principle of premises liability law in Mississippi:

> [T]he owner, occupant, or *person in charge* of premises owes to an invitee or business visitor a duty of exercising reasonable or ordinary care to keep the premises in reasonably safe and suitable condition or of warning the invitee of dangerous conditions not readily apparent which the owner knows or should know of in the exercise of reasonable care.

Id. at 380 (quoting Mayfield v. The Hairbender, 903 So. 2d 733, 735-36 (Miss. 2005) (en banc)) (punctuation omitted). The Court noted that Mississippi law is unclear as to whether a store manager is a "person in charge" who can be held personally liable in a premises liability case. Id. Therefore, the Court, resolving the legal uncertainty in favor of the plaintiffs, assumed that a store

8

manager was a "person in charge." Id.

The defendants argued that this particular store manager was not a "person in charge" and offered an affidavit from the manager in which she averred that she did not cause the hazard at issue, that she had no knowledge of its existence, and that it was not within her job duties to supervise the particular aspect of the store's operation which caused the injury. Id. at 381. However, the Court found one fact critical: the resident defendant admitted that she was the only manager on duty at the time of the injury. Id. Based on the manager's admission that she was the only manager on duty, the Court held that there was a reasonable possibility that a fact finder would consider her a "person in charge of the premises" at the time of the injury. Id. at 382.

Here, the allegations of Plaintiffs' Complaint, like the plaintiffs' allegations in Gray, may be divided into two categories: 1) the acts of the employees subordinate to Brown, and 2) Brown's inadequate management of the restaurant. See Gray, 390 F.3d at 408. The Fifth Circuit Court of Appeals has conclusively held that allegations of inadequate management are "insufficient to defeat complete diversity" under Mississippi law. Id. at 409. Therefore, Plaintiffs have no reasonable possibility of recovery from Brown for their allegations that he negligently failed to train other employees, and that he negligently failed to hire competent employees.

Further, all of the cases cited above require some degree of involvement by the managing individual, whether it be in the form of direct participation, authorization, direction, consent, acquiescence, or, at the very least, a failure to prevent a tortious act that the manager knows or reasonably should know was occurring. Id. at 409-10; Smith, 278 Fed. Appx. at 382 (since manager was on duty, there was a reasonable possibility of a fact finder considering her a person in charge); Turner, 620 So. 2d at 548 (individual liability of corporate director must be predicated on individual

9

wrongdoing); Howard, 947 So. 2d at 862 (nursing home administrator has no duty of care to nursing home residents).[4]

In the present case, it is undisputed that Brown was not working on the day Plaintiffs visited Pizza Hut, that he did not prepare or serve their food, that he did not supervise the preparation or service of their food, and that he had no knowledge of what was occurring at Pizza Hut. Therefore, Plaintiffs have no reasonable possibility of recovery against Brown for the actions of the other employees. Accordingly, the Court holds that Brown was improperly joined and dismisses him from this case. Plaquemines Parish Sch. Bd. v. Norris Ins. Consultants, 281 Fed. Appx. 338, 339 (5th Cir. 2008) (per curiam) (improperly joined party should be dismissed from case so that diversity jurisdiction may be asserted over the remaining parties); Larroquette v. Cardinal Health 200, Inc., 466 F.3d 373, 380 (5th Cir. 2006); Wingate v. Air Prods., 166 Fed. Appx. 98, 103 (5th Cir. 2006).

## B.     *Amount in Controversy*

Plaintiffs also argue that the amount in controversy does not exceed the minimum jurisdictional amount required for jurisdiction in this Court. Plaintiffs specifically averred in their Complaint that they seek no more than $75,000.00 in total damages per each named Plaintiff, exclusive of interest and costs. Most of the Plaintiffs named in the Complaint also executed and filed affidavits prior to removal in which each stipulated that he was not seeking more than $75,000.00 in damages, exclusive of interest and costs, and that he would not seek to amend the

---

[4] See also Pipe Freezing Servs., Inc. v. Air Liquide Am., LP, 2009 U.S. Dist. LEXIS 81472, *9 (S.D. Miss. Aug. 20, 2009) (a managerial employee is not personally liable for injuries resulting from daily activities for which he had no direct contact); Box v. Beverly Health & Rehab. Servs., Inc., 2003 U.S. Dist. LEXIS 24939, *10-*11 (N.D. Miss. May 30, 2003) (the officer or agent to be held personally liable must have some direct, personal participation in the tort, as where the defendant was the guiding spirit behind the wrongful conduct or the central figure in the challenged activity).

Complaint to increase the amount of damages sought. However, Plaintiff Joseph Doss did not execute such an affidavit.

Litigants who wish to prevent removal may file a binding stipulation with their complaints that they do not seek more than the jurisdictional amount and will not accept more than the jurisdictional amount. De Aguilar, 47 F.3d at 1412 (citing In re Shell Oil Co., 970 F.2d 355, 356 (7th Cir. 1992) (per curiam)).[5] However, Plaintiff Joseph Doss did not enter any stipulation. Therefore, even if the other Plaintiffs' stipulations are sufficient to preclude federal jurisdiction, the Court may still exercise supplemental jurisdiction over them if it has jurisdiction over the claims asserted by Plaintiff Joseph Doss. See 28 U.S.C. § 1367(a).

Doss, like the other Plaintiffs, averred that he was seeking no more than $75,000.00. A plaintiff's claim for damages, as stated in the complaint, is presumptively correct, unless the moving defendant can prove by a preponderance of the evidence that the amount in controversy is greater than $75,000.00. Holmes v. Citifinancial Mortg. Co., 436 F. Supp. 2d 829, 831 (N.D. Miss. 2006) (citing De Aguilar, 47 F.3d at1412). Defendants offered deposition testimony from Doss in which he stated that he believed his case was worth $100,000.00. Further, Doss - like the other Plaintiffs - seeks damages for emotional distress and mental anguish, and this Court has previously noted that "Mississippi juries routinely award damages for pain and suffering and/or mental or emotional damages in excess of $75,000." Holmes, 436 F. Supp. 2d at 832; see also Jenkins v. Kellogg Co.,

---

[5]Plaintiffs did not stipulate that they would not accept more than $75,000.00. However, the Mississippi Supreme Court has indicated that it would reduce judgments pursuant to stipulations entered into by plaintiffs for the purpose of defeating federal diversity jurisdiction. Wilson v. GMAC, 883 So. 2d 56, 73 (Miss. 2004). Further, this Court has warned against the commission of fraud upon the Court by entry of a disingenuous stipulation for purposes of precluding federal diversity jurisdiction. Culpepper v. Wal-Mart Stores E., Inc., 2009 U.S. Dist. LEXIS 11045, *12 (N.D. Miss. Feb. 13, 2009).

2009 U.S. Dist. LEXIS 57021, *12 (N.D. Miss. July 6, 2009).

Therefore, the Court holds that Defendants have met their burden and shown that the amount in controversy for Plaintiff Joseph Doss's claims is greater than $75,000.00. Plaintiffs made no attempt to show that it is certain they would not be able to recover more than the damages for which they have prayed in their complaint. See De Aguilar, 47 F.3d at 1411 (if a defendant can show the amount in controversy exceeds the jurisdictional amount, the plaintiff must show that it is certain he will not be able to recover more in state court). Therefore, the claims of Plaintiff Joseph Doss meet the required amount in controversy. To the extent that the remaining Plaintiffs' stipulations are sufficient to defeat federal diversity jurisdiction, the Court exercises supplemental jurisdiction over them. 28 U.S.C. § 1367(a).

### III. CONCLUSION

For the reasons stated above, Plaintiffs' Motion to Remand is denied. A separate order consistent with this opinion shall issue on this the 29th day of April, 2010.

**/s/ Sharion Aycock**
**UNITED STATES DISTRICT JUDGE**